UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NATALIYA SERGEEVNA SHTYKOVA,

              Petitioner,

    -against-

ERIC H. HOLDER, U.S. Department of Justice, Attorney
General; ANDREA J. QUARANTILLO, U.S. Citizenship
and Immigration Services, District Director New York
Office; ALEJANDRO MAYORKAS, U.S. Citizenship
and Immigration Services, Director; and JANET
NAPOLITANO, U.S. Department of Homeland Security
Secretary,

              Respondents.
------------------------------------------------------------X

CV-10-4999 (SJF)

**OPINION & ORDER**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ MAR 22 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On or about October 27, 2010, *pro se* petitioner Nataliya Sergeevna Shtykova ("petitioner") commenced this proceeding against respondents Eric H. Holder, U.S. Department of Justice, Attorney General; Andrea J. Quarantillo, U.S. Citizenship and Immigration Services, District Director New York Office; Alejandro Mayorkas, U.S. Citizenship and Immigration Services, Director; and Janet Napolitano, U.S. Department of Homeland Security Secretary, (collectively, "respondents"), seeking judicial review of the denial of her application for naturalization pursuant to Section 310(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c).

Respondents now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the petition for failure to state a claim for relief. Petitioner has not opposed the

1

motion. For the reasons stated herein, respondents' motion is granted.

I.  Background

A.  Factual Background[1]

Petitioner is a native and citizen of Ukraine. (Petition ["Pet."], ¶ 9). On June 1, 2001, prior to being inspected at the port of entry, petitioner married Vyacheslav Vladimirovich Pyehtyeryev. (Pet., ¶ 10).

On July 18, 2001, petitioner was admitted entry into the United States as a conditional resident upon an immigrant visa allotted to her under 8 U.S.C. § 1153(a)(1), i.e., as the unmarried child of a United States citizen. (Pet., ¶¶ 2, 15 and exhibits). According to petitioner, she was admitted to the United States upon the immigrant visa notwithstanding that her passport contained a marriage stamp. (Pet., ¶¶ 10, 15).

On March 20, 2003, petitioner filed a Petition to Remove the Conditions on Residence, which respondents approved on October 17, 2003. (Pet., ¶ 12). Petitioner admits, however, that she omitted information about her marital status in the Petition to Remove the Conditions on Residence. (Pet., ¶ 12). Petitioner was, thus, granted lawful permanent residence status as a purported unmarried child of a United States citizen. (Pet., Exhibits).

Petitioner alleges that CIS was again notified of her marital status upon her application for her husband's adjustment of status. (Pet., ¶ 11). Petitioner's husband was granted entry into

---

[1] As is required on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations in the petition and exhibits annexed thereto are accepted to be true for purposes of this motion and all reasonable inferences are drawn therefrom in favor of petitioner. They do not constitute findings of fact by this court.

the United States in January 2006 as a lawful permanent resident. (Id.) Petitioner was divorced from her husband on May 2, 2008. (Pet., ¶ 13).

On August 18, 2009, petitioner applied for naturalization. (Pet., ¶¶ 8 and 14). Although CIS initially granted her application, on January 27, 2010, it issued a motion to reopen pursuant to 8 C.F.R. § 335.5[2], based upon petitioner's failure to demonstrate that she was lawfully admitted to the United States since her status as an unmarried child of a United States citizen had changed prior to her inspection at the port of entry and subsequent admission into the United States, which rendered her statutorily ineligible for naturalization. (Pet., ¶¶ 8, 15 and exhibits).

On March 29, 2010, CIS denied petitioner's application for naturalization without prejudice on the basis: (1) that petitioner's marriage prior to her inspection at the port of entry and admission into the United States invalidated her immigrant visa, rendering her statutorily ineligible for naturalization; and (2) that petitioner made a misrepresentation in order to obtain an immigration benefit, for which she was otherwise ineligible, by omitting her marital information from her 2003 Petition to Remove the Conditions on Residence. (Pet., ¶¶ 8, 15 and 16).

On or about April 20, 2010, petitioner filed a Request for Hearing on a Decision in Naturalization Proceedings with the New York field office of CIS. (Pet., ¶¶ 15-17). On or about

---

[2] 8 C.F.R. § 335.5 provides, in relevant part, that "[i]n the event that USCIS receives derogatory information concerning an applicant whose application has already been granted * * *, but who has not yet taken the oath of allegiance * * * USCIS shall remove the applicant's name from any list of granted applications or of applicants scheduled for administration of the oath of allegiance, until such time as the matter can be resolved. USCIS shall notify the applicant in writing of the receipt of the specific derogatory information, with a motion to reopen the previously adjudicated application, giving the applicant 15 days to respond. If the applicant overcomes the derogatory information, the application will be granted and the applicant will be scheduled for administration of the oath of allegiance. Otherwise the motion to reopen will be granted and the application will be denied * * *."

September 27, 2010, following a hearing on September 1, 2010, respondents upheld the decision denying petitioner's application for naturalization. (Pet., ¶¶ 8, 18 and exhibits).

B.  Procedural History

On or about October 27, 2010, petitioner commenced this proceeding against respondents pursuant to Section 310(c) of the INA, 8 U.S.C. § 1421(c), seeking judicial review of the denial of her application for naturalization. According to petitioner, since her status as a lawful permanent resident was never rescinded or terminated despite respondents' constructive notice of her marital status, she is eligible for naturalization.

Respondents move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the petition for failure to state a claim for relief. Petitioner has not opposed the motion.

II.  Discussion

A.  Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences

in favor of the plaintiff. Matson v. Board of Education of City School District of New York, 631 F.3d 57, 63 (2d Cir. 2011); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010), cert. denied, 131 S.Ct. 824, 178 L.Ed.2d 556 (2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002) (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)); see also DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

B. Discussion

Respondents contend that since petitioner was never lawfully admitted for permanent residence in the United States, as required by the INA for naturalization, she has no right to the relief sought in her petition.

"The opportunity to become a citizen of the United States is said to be merely a privilege, and not a right." Tutun v. United States, 270 U.S. 568, 578, 46 S. Ct. 425, 70 L.Ed. 738 (1926). "There is * * * no right to naturalization unless all statutory requirements are complied with." Tutun, 270 U.S. at 578, 46 S. Ct. 425 (internal quotations and citation omitted); see also Fedorenko v. United States, 449 U.S. 490, 506, 101 S. Ct. 737, 66 L. Ed.2d 686 (1981) ("[T]here

must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship."); United States v. Schwimmer, 279 U.S. 644, 649, 49 S. Ct. 448, 73 L.Ed. 889 (1929), overruled in part on other grounds by Girouard v. United States, 328 U.S. 61, 66 S. Ct. 826, 90 L. Ed. 1084 (1946) (holding that aliens "have no natural right to become citizens, but only that which is by statute conferred upon them. Because of the great value of the privileges conferred by naturalization, the statutes prescribing qualifications and governing procedure for admission are to be construed with definite purpose to favor and support the government. * * * [T]he law puts the burden upon every applicant to show by satisfactory evidence that he had the specified qualifications."); United States v. Ginsberg, 243 U.S. 472, 474-75, 37 S. Ct. 422, 61 L.Ed. 853 (1917) ("No alien has the slightest right to naturalization unless all statutory requirements are complied with * * *.")

"Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor of the United States and against the claimant." Schwimmer, 279 U.S. at 649-50, 49 S. Ct. 448 (quoting United States v. Manzi, 276 U.S. 463, 467, 48 S. Ct. 328, 329, 72 L.Ed. 654). "And when, upon a fair consideration of the evidence adduced upon an application for citizenship, doubt remains in the mind of the court as to any essential matter of fact, the United States is entitled to the benefit of such doubt and the application should be denied." Id. at 650, 49 S. Ct. 448. "[T]he burden is on the alien applicant to show his eligibility for citizenship in every respect." Berenyi v. District Director, Immigration and Naturalization Service, 385 U.S. 630, 636, 87 S. Ct. 666, 17 L.Ed.2d 656 (1967).

The INA provides, in pertinent part, that "[n]o person * * * shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has

resided continuously, *after being lawfully admitted for permanent residence*, within the United States for at least five years * * *." 8 U.S.C. § 1427(a) (emphasis added). Another provision of the INA provides, in relevant part, that "no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this chapter. The burden of proof shall be upon such person to show that he entered the United States lawfully, * * *." 8 U.S.C. § 1429. At all relevant times, "lawfully admitted for permanent residence" was defined in the INA as "the status of having being lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20).

In Matter of Koloamatangi, 23 I. & N. Dec. 548 (B.I.A. 2003), which the Second Circuit has found to be entitled to deference pursuant to Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 104 S. Ct. 2778, 81 L.Ed.2d 694 (1984), see De La Rosa v. United States Department of Homeland Security, 489 F.3d 551, 554 (2d Cir. 2007), the Board of Immigration Appeals ("BIA") explained that "an alien whose status has been adjusted to lawful permanent resident but who is subsequently determined in an immigration proceeding to have originally be ineligible for that status has not been 'lawfully admitted for permanent residence' because the 'alien is deemed, ab initio, never to have obtained lawful permanent resident status.'" De La Rosa, 489 F.3d at 554 (quoting Matter of Koloamatangi, 23 I. & N. Dec. at 551).[3] The

---

[3] Although Matter of Koloamatangi, 23 I. & N. Dec. 548, involved fraud, its reasoning has been extended to situations outside of fraud and misrepresentation. See, e.g. Villafana v. Holder, 358 Fed. Appx. 245, 246-47 (2d Cir. Dec. 21, 2009) (summary order) ("[E]ven for those who obtained their [lawful permanent resident] status by mistake rather than fraud, if petitioner fails to demonstrate that he or she had complied with the relevant substantive legal requirements

7

Second Circuit found the BIA's interpretation of "lawfully admitted for permanent residence" to be reasonable since, *inter alia*, "[t]he natural reading of 'lawful' connotes more than just procedural regularity; it suggests that the substance of an action complied with the governing law." Id. Accordingly, the Second Circuit held that "to be 'lawfully admitted for permanent residence' an alien must have complied with the substantive legal requirements in place at the time she was admitted for permanent residence." Id. at 555.

Petitioner was allotted an immigrant visa on the basis of 8 U.S.C. § 1153(a)(1), i.e., as an unmarried daughter of a United States citizen. The INA defines "[t]he term 'unmarried', when used in reference to any individual as of any time, [to] mean[] an individual who at such time is not married, whether or not previously married." 8 U.S.C. § 1101(a)(39). It is undisputed that

---

at the time petitioner was admitted for permanent residence, then petitioner was never 'lawfully admitted for permanent residence' * * *."); Gallimore v. Attorney General of United States, 619 F.3d 216, 223-24 (3d Cir. 2010) (finding that "[w]here an alien obtains [lawful permanent resident status] through administrative oversight-despite being ineligible for that status for one reason or another-several of our sister courts of appeals have deferred to BIA decisions concluding that the alien has not been 'lawfully admitted for permanent residence.' * * * [W]e are in complete agreement with [] the fundamental reasoning of the fraud line of cases * * * and the application of that reasoning to * * * 'non-fraud cases.' [W]e discern no principled distinction between (1) finding a status adjustment not 'lawful' because the applicant procured it through fraud; and (2) finding a status adjustment not 'lawful' because the applicant was not legally entitled to it for any other reason."); Estrada-Ramos v. Holder, 611 F.3d 318, 321 (7th Cir. 2010) (rejecting the petitioner's argument that his lawful permanent resident status was valid because he did not commit fraud to obtain it and holding "that to be 'lawfully admitted' the adjustment of status must be in compliance with substantive legal requirements, not mere procedural regularity."); Kyong Ho Shin v. Holder, 607 F.3d 1213, 1217 (9th Cir. 2010) (holding that although the facts of Matter of Koloamatangi, et ano., involved acts of fraud or misrepresentation, its holding "broadly deem[ed] all grants of [lawful permanent resident] status that were not in substantive compliance with the immigration laws to be void ab initio."); Arellano-Garcia v. Gonzales, 429 F.3d 1183, 1187 (8th Cir. 2005) (holding that the BIA's interpretation of "lawful" "applies not only where there has been fraud in the procurement of the adjusted status, but also to a situation where the alien was not entitled to an adjustment but received it by a negligent mistake of the agency.")

8

plaintiff was married at the time she was inspected at the port of entry and admitted for entry into the United States. Thus, the undisputed facts indicate that petitioner failed to comply with the relevant substantive legal requirements for lawful permanent resident status, even though respondents mistakenly granted such status upon her, because she was ineligible for the immigrant visa allotted to her in light of her marriage prior to her inspection at the port of entry and subsequent admission into the United States. See, e.g. Lai Haw Wong v. Immigration and Naturalization Service, 474 F.2d 739, 741-41 (9th Cir. 1973) (finding that the mistaken admission of aliens upon visas to which they were not entitled conferred no status, permanent resident or otherwise, upon them). Thus, although respondents mistakenly adjusted petitioner's status to lawful permanent resident, such adjustment in status was not in accordance with the immigration law and, therefore, is deemed void ab initio. See, e.g. De La Rosa, 489 F.3d at 554; Arellano-Garcia, 429 F.3d at 1187. Since petitioner is ineligible for naturalization based upon her failure to comply with the substantive requirements of the relevant immigration laws, her petition is dismissed for failure to state a claim for relief.[4]

---

[4] Moreover, "[a] provision of the [INA] requires that an alien who applies for naturalization as a United States citizen must establish that during the five years preceding the filing of his petition he has been 'a person of good moral character.' Another provision specifies that no applicant may be found to be a person of good moral character who, within that period, 'has given false testimony for the purpose of obtaining any benefits' under the Act." Berenyi v. District Director, Immigration and Naturalization Service, 385 U.S. 630, 631-32, 87 S. Ct. 666, 17 L.Ed.2d 656 (1967); see 8 U.S.C. §§ 1011(f)(6), effective to November 29, 2010, and 1427(a)(3). "[I]n a naturalization proceeding the petitioner has the burden of proving his good moral character * * * and any doubts are to be resolved against him." Yao Quinn Lee v. United States, 480 F.2d 673, 676 (2d Cir. 1973) (citations omitted).

Petitioner admitted that she had omitted information regarding her marital status upon her Petition to Remove the Conditions on Residence, a fact clearly bearing upon her statutory eligibility for citizenship. "[H]aving asked a question which it deems significant to determine the qualifications of one seeking citizenship, the government is entitled to full disclosure." Lee,

9

III.     Conclusion

For the reasons stated herein, respondents' motion to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and the petition is dismissed in its entirety with prejudice for failure to state a claim for relief. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* petitioner at her last known address, see Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

s/ Sandra J. Feurstein

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 22, 2012
       Central Islip, N.Y.

---

480 F.2d at 677 (quoting In re Petition of Haniatakis, 376 F.2d 728, 730 (3d Cir. 1967)). Thus, petitioner also cannot meet her burden of proving that she is a person of "good moral character," as defined in the INA.